**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IVAN DAVILA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-cv-01740-SPM** |
| **JOHN DOE 1,**<br>**JOHN DOE 2,**<br>**LT. DUDEK,**<br>**SGT. ENGSTROM,**<br>**J. CAVINS,**<br>**JOHN DOE 3,**<br>**JOHN BARWICK, and**<br>**DR. NATHAN CHAPMAN,**<br>                    **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Ivan Davila, an inmate of the Illinois Department of Corrections housed at Pinckneyville Correctional Center (Pinckneyville) initiated this civil rights action on July 18, 2024, pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). On August 28, 2024, the Court directed Plaintiff to show cause why this case should not be dismissed for failure to exhaust his administrative remedies prior to initiating this lawsuit. (Doc. 36). Plaintiff has now responded. (Doc. 37).

### BACKGROUND

In the Complaint, Plaintiff alleges that on July 8, 2024, he was sent to an outside facility to have his wisdom tooth surgically removed. (Doc. 1, p. 2). Upon his return to Pinckneyville, he was not provided proper follow-up care and nutrition, resulting in dizziness, nausea, vomiting, and loss of consciousness. Additionally, the area where the tooth was removed had become infected and

Page 1 of 5

continued to go untreated.[1] Plaintiff also claims that excessive force was used against him in transporting him to and from the healthcare unit while he was unconscious. He asserts that as of July 15, 2024, he continues to be in "extreme pain, still vomiting, still passing out, still being force fed pills on an empty stomach[], and still feeling naus[eous]." (*Id.* at p. 4). Plaintiff states:

> Plaintiff has filed emergency grievances however they are still being processed[.] Plaintiff is seeking an emergency injunction/Temporary Restraining order due to the nature of Plaintiff's factual allegations…Plaintiff fully expects the Court to be satisfied with this issue.

(*Id.* at p. 2).

Based on these statements regarding his grievances and the fact that Plaintiff filed this lawsuit ten days after his tooth extraction, the Court entered an Order to Show Cause, observing that it seemed unlikely that he had completed every step of the prison grievance process before initiating this federal case, as is required pursuant to the Prison Litigation Reform Act. (Doc. 36). The Court noted that Plaintiff admitted that he was "not prevented from or incapable of using the grievance process; rather, he bypassed internal procedures due to the emergent nature of his complaint," which is not an acceptable excuse for failing to exhaust. Thus, Plaintiff was directed to show cause why this case should not be dismissed for failure to exhaust his administrative remedies.

In the response to the Order to Show Cause, Plaintiff argues that he is protected by the Equal Protection Clause of the United States Constitution and the Universal Declaration of Human Rights, and therefore, he may choose to grieve his issues to and seek relief directly from the courts. (Doc. 37). He states that as of filing his response on September 18, 2024, his grievances are now with the Administrative Review Board, who has six months to respond to a grievance. Plaintiff

---

[1] Along with the Complaint, Plaintiff filed a motion for a temporary restraining order and preliminary injunction requesting to be seen by an oral surgeon. (Doc. 2). After further briefing from the parties, the Court denied the motion. (Doc. 5, 35).

contends that should not have to wait six months to file a Section 1983 lawsuit while he is being denied adequate dental and medical treatment because his tooth could become more infected.

### DISCUSSION

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Here, it is obvious from the Complaint that Plaintiff has failed to comply with the PLRA and fully exhaust his administrative remedies prior to filing this lawsuit. His alleged constitutional violations began on July 8, 2024, when he returned to Pinckneyville from his oral procedure, and continued as he was denied adequate medical care for a developing infection. Eight days later, he signed and dated his Complaint on July 16, 2024, and the Complaint was received by the Court on July 18, 2024. Plaintiff states in the Complaint that his emergency grievances were still being

processed at the time of initiating this lawsuit.[2]

The Court does not find Plaintiff's argument that he is exempt from exhausting under the Universal Declaration of Human Rights and the Equal Protection Clause of the Fourteenth Amendment well taken. The Universal Declaration of Human Rights does not "create obligations enforceable in the federal courts." *Sosa v. Alvarez-Machain,* 542 U.S. 692, 734 (2004). Neither is requiring him to exhaust under the PLRA a violation of the Equal Protection Clause. *See B. v. Duff,* No. 06 C4912, 2009 WL 2147936, at \*11 (N.D. Ill. July 17, 2009) ("[T]he Supreme Court has thrice interpreted and enforced the PLRA's rule, 42 U.S.C. §1997e(a), that prisoners (and only prisoners) must exhaust administrative remedies prior to bringing suit under §1983." (citing *Woodford v. Ngo,* 548 U.S. 81, 93-94 (2006); *Porter v. Nussle,* 534 U.S. 516, 532 (2002); *Booth v. Churner,* 532 U.S. 731,741 (2001))).

Furthermore, an emergency or imminent danger does not automatically exempt an inmate from exhausting his administrative remedies. *See Fletcher v. Menard Corr. Ctr.,* 623 F. 3d 1171, 1173 (7th Cir. 2010) ("imminent danger did not excuse his failure to exhaust his administrative remedies"). The only exception to the exhaustion requirement is when the administrative remedies are "unavailable." *Ross v. Blake*, 578 U.S. 632, 643 (2016) (courts cannot engraft unwritten "special circumstances" exceptions onto the exhaustion requirement in Section 1997e(a)). Plaintiff does not argue that his administrative remedies were unavailable or that he was thwarted from using the administrative grievance process in anyway. Because there is no imminent danger exception, his general argument of potential harm to his health if he waited to file a lawsuit before he completed the grievance process does not excuse his lack of exhaustion. Plaintiff cannot sue

---

[2] The grievance records Plaintiff submitted after he filed his response to the Order to Show Cause demonstrates that his emergency grievances dated July 11, 2024, and July 16, 2024, regarding "medical treatment for pain in mouth after wisdom tooth removal" did not receive responses from the Administrative Review Board until October 1, 2024, a few months after initiating this suit. (Doc. 42, p. 4).

first and exhaust later. Accordingly, this case is dismissed with prejudice for failure to exhaust administrative remedies. *See Chambers v. Sood,* 956 F.3d 979, 984 (7th Cir. 2020) ("A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting administrative remedies."). Plaintiff may refile this lawsuit, once he has fully exhausted.

DISPOSITION

Plaintiff's Complaint (Doc. 1) and this entire case are **DISMISSED without prejudice** for failure to exhaust administrative remedies. In light of this Order, all pending motions are **DENIED as moot.** (*See* Doc. 44). The Clerk of Court is **DIRECTED** to enter judgment and to close this case.

**IT IS SO ORDERED.**

**DATED:   January 14, 2025**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**